In the Matter of the Claim of CARL J. WEISS, Respondent, against RAILWAY EXPRESS AGENCY, INCORPORATED, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, January 27, 1954.

*James V. Lione* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *John J. Quinn* of counsel), for Workmen's Compensation Board, respondent.

*Boyle and Lynch* for claimant-respondent.

FOSTER, P. J.   Appeal by a self-insured employer from a decision and award made by the Workmen's Compensation Board which allowed claimant disability compensation in the amount of $5,442.29, at the weekly rate of $20.68, covering the period from April 26, 1947, to May 11, 1952, and directing the employer to continue payments until there is a change in claimant's condition.

Claimant is a lawyer and was admitted to the Bar in 1926. Prior to the accident he worked part time as a clerk for the employer, which was engaged in the general express business. When he was not so working he practiced law.   On one occasion he was lifting a heavy trunk to a platform scale and the trunk slipped.   In attempting to hold it claimant suffered an injury to his back.   The board has found that as a result of this accident he was 75% permanently partially disabled from April 26, 1947, to May 11, 1952, and on the latter date he was still disabled. There is substantial medical testimony to sustain this finding.

The accident happened May 1, 1945.   Claimant severed his connection with the appellant on May 3, 1947, and thereafter continued the practice of law until January 1, 1950.   On the latter date he was appointed assistant corporation counsel for the City of Schenectady, New York.   On the trial of the claim the referee refused to permit the examination of claimant as to his income as a practicing attorney subsequent to May 3, 1947. Appellant assigns this refusal as reversible error as a matter of law.

The board determined that the claim did not come within the provisions of subdivision 5 of section 15 of the Workmen's Compensation Law. We think this determination was correct because the subdivision cited deals with temporary partial disability whereas the finding was permanent partial disability. While the board did not so state, it must have fixed the compensation rate under the blanket paragraph "v. Other Cases" under subdivision 3 of section 15. This paragraph provides: "In all other cases in this class of disability, the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the board on its own motion or upon application of any party in interest." Subdivision 5-a of section 15 provides, in substance, that the wage earning capacity of an injured employee in all cases of partial disability shall be his actual earnings, etc.

The board found that claimant's work with the express company, and his practice of law, were dual employments but dissimilar in nature; and hence his earnings as an attorney should not be considered in determining his reduced earning capacity as a railway express clerk. In arriving at this conclusion the board relied heavily on the decision in *Matter of Brandfon* v. *Beacon Theatre Corp.* (300 N. Y. 111). We doubt very much whether the general practice of law should be considered an employment within the meaning of the Workmen's Compensation Law but in any event the result would be the same in our judgment up until January 1, 1950, so far as proof of claimant's earnings as an attorney are concerned. We think the exclusion of such earnings up to that time was proper. Beyond that however we think the board erred.

On the date just mentioned claimant became an employee of the City of Schenectady — as assistant corporation counsel. The inference that this was full-time employment is quite compelling; and it was employment susceptible to coverage under the Workmen's Compensation law if the city authorities so elected (Workmen's Compensation Law, § 3, group 19). So far as can be determined from the record this full-time employment was undertaken by claimant in the place of his law practice and part-time employment as a railway express clerk. In the *Brandfon* case it was held "the wages to be considered after the accident are those earned from the ' same ' employment in which he was hurt or from ' another ' employment he undertook

in its place." (Pp. 114–115.) Fitting that language to this case, claimant did not until January 1, 1950, undertake another employment in place of his former work as a railway express clerk. Thereafter he did, and hence his earnings thereafter as assistant corporation counsel should have been considered on the issue of his reduced earning capacity.

The award and decision should be reversed, with costs to the self-insured employer and against the Workmen's Compensation Board, and the matter remitted for further consideration.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Award and decision reversed, with costs to the self-insured employer and against the Workmen's Compensation Board, and the matter remitted for further consideration. [See *post,* p. 986.]