In the Matter of the Claim of THOMAS RICCOBONO, Respondent, against CONTINENTAL CASUALTY COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board upon the basis of reduced earnings. Upon a previous appeal the board's finding of industrial accident was affirmed. (2 A D 2d 718, motion for leave to appeal denied 2 N Y 2d 705.) There is substantial medical evidence supportive of the board's findings that, as the result of his accidental heart injury, claimant was unable to resume his work as an investigator of compensation claims and that he retained but a 40% earning capacity. Under the circumstances disclosed by this record, the board was warranted in declining to give any effect to claimant's earnings from his law practice when determining the issue of wage earning capacity after the accident. Such "wage earning capacity" is, under the statute, that "in the same or another employment" (Workmen's Compensation Law, § 15, subd. 5) but this provision "does not apply or relate to a case in which an employee was engaged, prior to the accident, in dual and dissimilar employments." (*Matter of Brandfon* v. *Beacon Theatre Corp.*, 300 N. Y. 111, 114.) As was further held in the case cited, it is required that there be "measurement in terms of 'another employment' only where a worker takes another position because his injury disabled him from continuing in the original one". Prior to the accident claimant's occupations were "dual and dissimilar"— they being his full-time work as an investigator and his part-time law practice conducted evenings and weekends. The uncontradicted evidence is that claimant has not been able to devote full time to his law practice since the accident. Even if it should be assumed that the general practice of law may constitute an employment under the statute (cf. *Weiss*, case, *infra*,), it is clear that by continuing his part-time practice claimant did not undertake "another employment" in place of the former full-time employment. (*Matter of Brandfon* v. *Beacon Theatre Corp.*, *supra*, pp. 114–115; *Matter of Weiss* v. *Railway Express Agency*, 283 App. Div. 288.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.