O’CONNELL, Justice
This is a workmen’s compensation proceeding in which the petitioner Board seeks review by certiorari of an order of the Full Commission reversing the deputy.
We are asked to decide whether wages earned in dissimilar concurrent employments may be combined for the purpose of determining loss of wage earning capacity incurred as a result of an injury in only one of the employments.
The question must be answered in the negative.
Richard Alman, the claimant, worked full time for the petitioner Board as an animal control officer, i. e. as dog catcher or dog constable. He received a compensable injury to his back in this employment
Medical treatment, including surgery, and temporary compensation benefits were furnished claimant and are not involved in this proceeding.
At the time claimant was injured in his employment with the Board he also worked from time to time as a plasterer, which employment is admittedly dissimilar to his employment with the Board.
In the claim which led to this proceeding, claimant sought compensation for permanent partial disability of the body as a whole. Under the statute this must be measured in terms of loss of capacity to earn the wages being received at the time of the injury. Claimant contended that this loss should be determined by comparing his pre-injury capacity, evidenced by combination of weekly wages earned concurrently as animal control officer and plasterer, against his post injury capacity. He also *851 contended that his weekly compensation rate should be determined on an average weekly wage representing the total of his wages in both employments.
In his order the deputy found claimant’s average weekly wage as dog catcher was $65.07 and that at the time of the hearing claimant was earning $125.00 per week as a plasterer with an employer who hired him without knowledge of his back condition and who was fully satisfied with the performance of his work. He further found claimant had undergone back surgery and considering all the factors pertinent found claimant had suffered no loss of wage earning capacity.
The deputy found that claimant engaged, from time to time, in work as a plasterer, but made no finding as to claimant’s pre-injury earnings in such work because that employment was dissimilar and unrelated to the employment in which the injury occurred.
The deputy specifically refused to combine the wages from claimant’s two employments for the purpose of determining the average weekly wage. It is apparent also that the deputy felt that the wages from the concurrent dissimilar employment of plasterer should not be combined with those received from the Board in determining loss of wage earning capacity.
On review the Full Commission affirmed that part of the deputy’s order which held that the wages from the two concurrent but dissimilar employments could not be combined for the purpose of determining average weekly wage. The Commission then held that for purposes of determining loss of wage earning capacity the deputy should have considered claimant’s combined earnings from both employments, and remanded this cause to the deputy for determination of wage earning loss under that holding.
The deputy specifically found that claimant had not proved a loss of wage earning capacity in his employment with the Board. The record supports that finding. Under the usual circumstances these facts would require quashal of the Commission’s order.
However, it is evident in the deputy’s order that he did not consider claimant’s pre-injury earnings in plastering work in determining that there was no wage earning capacity loss.
Therefore, if the Commission is correct in its holding that the combined earnings,, or wage earning capacity, in concurrent dissimilar employments should be considered in determining such loss it follows that the deputy decided the case on the wrong theory and it should be remanded to him.
The interpretation given the Act by the deputy is correct, and that given by the Commission is not.
The purpose of the Act is to compensate an injured worker for the loss of wage earning capacity. This purpose is the same whether the injury be to a scheduled or nonscheduled portion of the body.
In order to write the formula to accomplish this purpose it was necessary that the Legislature provide some base or norm by which the loss of wage earning capacity could be measured.
It did this by establishing the “average weekly wage” at the time of the injury as the statutory measure of pre-injury wage earning capacity, except in those special' situations mentioned in Sec. 440.14 F.S.A. We think this fact is made clear in the first paragraph of the last mentioned section wherein the Legislature said that the average weekly wage at the time of the injury “ * * * shall be taken as the basis upon which to compute compensation * * *.”■ Considering the purpose and theory of the Act this can only mean that the average weekly wage at the time of the injury is to be regarded as representative of the pre-injury wage earning capacity of a claimant for the purposes of the statute.
In J. J. Murphy & Son, Inc. v. Gibbs, Fla. 1962, 137 So.2d 553, pp. 560, 561, we recog *852 nized that the claimant had a wage earning capacity in excess of the wages earned in the part time employment in which she was injured. Nevertheless, we held the Act to require “ * * * that compensation be based on the wages earned by a claimant in the same type or kind of employment as that in which he was working at the time of his injury.”
In effect the Murphy case held that for purposes of the Act the wages earned in the injury causing employment represent the wage earning capacity of the claimant even though in actuality the claimant had a much larger capacity to earn wages as demonstrated by her concurrent earnings in a dissimilar employment.
Our decision in the Murphy case dictates our disposition of this cause.
It is true that case dealt with a scheduled injury to the hand while this one involves disability of the body as a whole.
This distinction does not require application of a different rule.
The Legislature obviously intended to compensate all disability on the basis of loss of wage earning capacity. There is nothing to indicate that it intended to measure pre-injury earning capacity in one way for scheduled injury cases and in another for non-scheduled cases. Every provision of the statute impelís the conclusion that in each category of disability the same standard or basis shall be used for in each it is provided that the basis of compensation shall be the average weekly wage of the worker.
It would be illogical, inequitable, and inconsistent to hold that pre-injury wage earning capacity in scheduled injury cases is represented by the average weekly wage only in the injury producing employment, but that in non-scheduled cases this capacity is equal to the combined wages earned in concurrent dissimilar employments.
Moreover, it is equally inconsistent to hold, as the Commission did in this case, that for purposes of determining the average weekly wage and the compensation rate only the earnings in the injury producing employment may be considered, but for purposes of determining the loss of wage earning capacity and the number of weeks of compensation to be paid the wages earned in concurrent dissimilar employment at the time of the injury may be combined and measured against the post injury capacity.
If combined wages from dissimilar employments are to be considered for any purpose they should be considered for all purposes. Thus, if it be proper to consider combined wages from such sources in order to determine loss of earning capacity they ought also be considered in determining the pre-injury earning capacity, i. e. average weekly wage, and the compensation rate.
The conclusion we reach seems to be the majority view. According to Larson, Workmen’s Compensation Law, Vol. 2, Sec. 60.31, Maine is the only state which permits combination of wages from concurrent dissimilar work for computation of wage basis.
New York, which has an Act similar to ours, follows the view that wages in concurrent dissimilar employments may not be combined for purpose either of determining average weekly wage or of determining loss of wage earning capacity. However, the courts of that state in determining loss of wage earning capacity consider only the post injury earnings in the same work as that in which the injury occurred, and do not consider post injury earnings in the concurrent dissimilar employment. See Branfon v. Beacon Theatre Corporation, 1949, 300 N.Y. 11, 89 N.E.2d 617 and Riccobono v. Continental Casualty Co., 1958, 7 A.D.2d 802, 180 N.Y.S.2d 916.
While we do not commit ourselves to following the rationale of the New York decisions, if we were to do so it would not assist the claimant here since there is nothing to show that he cannot now continue to perform the requirements of the employment in which he was injured.
*853 For the reasons above expressed the petition is granted, the writ is granted, and the order of the Full Commission is quashed with directions to reinstate the order of the deputy.
It is so ordered.
TERRELL, Acting C. J., THOMAS and ROBERTS, JJ., and HERIN, Circuit Judge, concur.