■ In the Matter of the Claim of GEORGE WHITE, Respondent, v. GENERAL BAKING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — AULISI, J. Appeal on a shortened record from a decision of the Workmen's Compensation Board modifying a Referee's award and fixing claimant's reduced earning capacity at 75%. Appellants, the employer and insurance carrier, urge that the wage earning capacity was not properly based on the actual earnings. Claimant had a full-time job for a baking company as a trailer truck driver and in the course of this employment he suffered a disabling back injury on March 21, 1957. At this same time claimant was also employed on a part-time basis as a superintendent in a 36-unit apartment building in which he lived rent free as part of his remuneration for caring for the building and collecting the rents. An award based only on claimant's wages as a full-time driver was awarded and paid until the middle of 1961 when claimant became superintendent at an 85-unit apartment building at a higher salary. Claimant has never returned to work as a driver. Appellants rely on *Matter of Weiss* v. *Railway Express Agency* (283 App. Div. 288), apparently on the assumption that the new superintendent's job was by inference full-time. We do not believe that the record requires such a conclusion. There is ample support for the position that this was a continuation of a "dual and dissimilar" employment. While claimant's job in the new apartment building was of a greater scope and he had more authority in his supervisory capacity, he had a number of employees doing work for him and he was no longer obliged to collect the rents. The earning ability of claimant as a driver was impaired by the accident and to this extent he is entitled to compensation (*Matter of Brandfon* v. *Beacon Theatre Corp.,* 300 N. Y. 111; *Matter of Brannigan* v. *Terzakis,* 285 App. Div. 980, affd. 309 N. Y. 892). The fact that claimant's wages as a superintendent were excluded in establishing his average weekly wage prior to the accident is not sufficient alone to justify their continued exclusion. However, there is substantial evidence to support a finding that these wages are from the same pre-existing line of employment and there is at best a question whether the change to a new superintendent's job was undertaken in place of his former work as a driver (cf. *Matter of Riccobono* v. *Continental Cas. Co.,* 7 A D 2d 802, mot. for lv. to app. den. 5 N Y 2d 711). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds and Hamm, JJ., concur; Herlihy, J., dissents

in the following memorandum: The claimant was injured March 21, 1957 while engaged as a full-time truck driver, working evenings, by General Baking Company. He also worked as superintendent of an apartment building consisting of 36 apartments owned by Joseph Hoffman Realty Company. At the time of the injury, carrier conceded that claimant's two jobs were so dissimilar that his income as building superintendent should be ignored in determining the amount of compensation. (See, e.g., *Matter of Brandfon* v. *Beacon Theatre Corp.*, 300 N. Y. 111.) He earned approximately $93.40 a week from the baking company and he received $185 a month as building superintendent, together with an apartment valued at $80–$90 a month, and utilities. He has never returned to work for General Baking Company but continued his work as building superintendent. In 1961 he left the employ of the Joseph Hoffman Realty Company and went to work as a building superintendent for Seventh Construction Company. This building contains 85 apartments, more than twice the number of the previous building. He was paid $250 a month and has the use of an apartment valued at $125 a month, and utilities. He testified he did not think that his present employer (Seventh Construction Company) would permit him to take a full-time job with General Baking. In my opinion, the decision of the board should be reversed because of its failure to make a necessary and essential finding as to whether claimant's present employment with the Seventh Construction Company was a full-time job. If claimant has a full-time job, compensation should be based on his present earnings. The board stated: " The board finds, after review that the Referee was correct in excluding the claimant's earnings as a superintendent in arriving at his reduced earnings. *The claimant's earnings as a superintendent were not used in establishing his average weekly wage for the year preceding the accident and therefore his present earnings as a superintendent should not be used for determination of reduced earnings.*" (Emphasis supplied.) What the board determined was that regardless of the present facts, as long as claimant acted as a superintendent, consideration will not be given to earnings — presumably whether higher or lower — because of a prior decision by the board. Projecting this reasoning a step farther, the claimant might eventually be employed as a superintendent for a 200-room apartment at $500 a month and utilities, and under the rationale of the board, no consideration would be given to the change. This is an anomalous position for a fact-finding authority to assume. The board must find and determine the nature of the employment by his new employer. The claimant is entitled to fair and proper consideration but he is not entitled to a financial windfall. In *Matter of Brandfon* v. *Beacon Theatre Corp. (supra)* the board found dissimilar employments and in computing the average weekly wage, it excluded the claimant's earnings from his full time employment, both before and after the accident. The Court of Appeals stated therein (pp. 114–115): "it was the legislative purpose [of subd. 5 of § 15 and subd. 5-a] that there be measurement in terms of 'another employment' *only where a worker takes another position because his injury disabled him from continuing in the original one.* In other words, the wages to be considered after the accident are *those earned in the 'same' employment in which he was hurt or from 'another' employment which he undertook in its place.* (See, e.g., *Matter of Mullins* v. *Atlantic Basin Iron Works*, 297 N. Y. 550; *Matter of Matise* v. *Munro Waterproofing Co.*, 293 N. Y. 496.) " (Emphasis supplied.) The carrier contends that claimant's present job is full time and relies on *Matter of Weiss* v. *Railway Express Agency* (283 App. Div. 288) in which an attorney was injured while working for the express agency as a part time clerk and received compensation. Subsequently he became Assistant Corporation Counsel for the City of Schenectady. The board nevertheless

continued to exclude his earnings from his legal work. This court held this exclusion to be error and indicated that the work of Assistant Corporation Counsel was undertaken in place of his former work as a railway clerk and these earnings should be considered. The decision of the board to find, on the present record, whether claimant's present occupation is full-time, a necessary prerequisite to determining wage rate, is essential and accordingly I am unable to ascertain whether there is substantial evidence to sustain the present determination. I would reverse the decision of the board and remand the case for determination on the issue of dual employment with leave to all parties to submit additional testimony, if so advised.