■ In the Matter of the Claim of LORENZO M. FERNANDEZ, Respondent, v BALTIMORE ORIOLES et al., Appellants, and ROCHESTER COMMUNITY BASEBALL, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed June 24, 1976. Claimant was struck on the head by a pitched ball while batting in an International League baseball game in Rochester on August 3, 1969. He was 30 years old at the time. The awards made for reduced earnings from the date of the accident through January 1, 1973 are not challenged. The only question on appeal is whether the $70 weekly awards for calendar year 1973 were properly made. The claimant's pre-accident average weekly wage was fixed by stipulation at $250. In calendar year 1973 claimant earned $3,500 as a baseball coach with the Baltimore Orioles organization and $8,500 as a salesman for the National Brewing Company. Appellants' contention that the $8,500 earned as a salesman should be included in calculating claimant's post-accident wage-earning capacity is foreclosed by the Court of Appeals interpretation of section 15 (subds 5, 3, par [w]) of the Workmen's Compensation Law. In *Matter of Brandfon v Beacon Theatre Corp.* (300 NY 111 [Fuld, J.]), the claimant worked part-time as an electrician for one theatre and full-time as a projectionist for another. While carrying out his electrician duties he was injured. The injury impaired his value as an electrician but did not interfere with his work as a projectionist. The court held that the board properly ignored his earnings as a projectionist in calculating his average weekly wage both before and after the accident. "[The claimant] is entitled to be compensated for the earnings lost to him by virtue of his disability as an electrician, without regard to his salary as a projectionist. * * * he possessed a certain earning ability as an electrician, and that ability the accident impaired. To the extent of that impairment he is entitled to compensation, and consideration of his wages as projectionist—which would partially or entirely deprive him of such compensation—would contravene the spirit and purpose of the statute" (p 115). By a parity of reasoning, the claimant herein is entitled to compensation for the loss of earning capacity as a baseball player. (See, also, *Matter of White v General Baking Co.,* 21 AD2d 962; *Matter of Brannigan v Terzakis,* 285 App Div 980, affd 309 NY 892.) Appellants next contend that since the injury to claimant has never been determined to be permanent and since there is no medical evidence indicating that the 1969 injury continued to cause claimant's absence from professional baseball in 1973, the awards for calendar year 1973 are unsupported by substantial evidence. Related to this argument is appellants' contention that claimant's age (33 or 34 during 1973) and not the injury prevented him from playing in 1973. This appeal was perfected upon a shortened record, but it contains enough medical evidence to show that claimant suffered a severe head injury. When admitted to the hospital on the day of the accident, there was bleeding from the left ear canal and a mild loss of sensation of the right extremities. X rays revealed a fracture of the left temporal section of the skull. Surgery was required to relieve pressure on the brain. After 17 days claimant was released, although still suffering from aphasia. When seen by his neurologist on July 13, 1970, claimant complained of continued ringing of the ear and some speech and handwriting difficulty. His electroencephalogram showed some persistent abnormality so certain neurologically active medication was continued. In this context it was certainly reasonable for the board to presume, absent proof to the contrary, that the injury of August 3, 1969

continued to be the cause of claimant's inability to resume his athletic career. The employer did not move, as was its right under subdivision 6-a of section 15 of the Workmen's Compensation Law, to offer proof in furtherance of its theory that claimant's age prevented him from playing in 1973. Decision affirmed, with costs to the Workmen's Compensation Board against the appellants. Mahoney, P. J., Kane, Main, Larkin and Mikoll, JJ., concur.