389 So.2d 1177 (1980)
Norma J. KERCE, Petitioner,
v.
The COCA-COLA COMPANY-FOODS DIVISION and General Accident Insurance Company, Respondents.
No. 54420.
Supreme Court of Florida.
October 30, 1980.
Michael B. Murphy, J. Mason Wines and Craig M. Spanjers of Stanley, Wines, Roth, Williams & Smith, P.A., Auburndale, for petitioner.
Robert E. Sheridan of Jesse F. Sparks, Orlando, for respondents.
ENGLAND, Justice.
This case arises out of an order of the Industrial Relations Commission, affirming an order of the Judge of Industrial Claims which took into account the seasonal nature of a claimant's pre-injury employment in determining her diminution of wage earning capacity for permanent partial disability benefits under section 440.15(3)(u), Florida Statutes (1974 Supp.).[1] *1178 The issue is whether "average weekly wage" as prescribed in section 440.14, Florida Statutes (1974 Supp.), without seasonal adjustment, is the proper measure of wage earning capacity before the injury.[2]
Norma Kerce sustained a compensable accident during the course of her employment with the Coca-Cola Company-Foods Division. At the time of the accident, she worked only eight months out of the year. When Kerce sought compensation for permanent partial disability resulting from a nonscheduled injury, the parties stipulated to an average weekly wage of $105.26 even though, at the time of the injury, she had only been at work one day following her usual four month lay off. The Judge of Industrial Claims found that Kerce had sustained a 25 percent diminution of wage earning capacity, but in so doing he took into account the seasonal nature of her pre-injury employment.
In approaching the issue posed here we are guided by the "most favorable remedy" doctrine, which provides that "where the Act is susceptible of disparate interpretations, the court will adopt the construction which is most favorable to the employee." Henderson v. Sol Walker & Co., 138 So.2d 323, 327 (Fla. 1962).[3]
The critical component in the formula for determining the duration of compensation for Kerce's permanent partial disability under section 440.15(3)(u), Florida Statutes (1974 Supp.)-"diminution of wage earning capacity"-presumptively represents the difference between the injured employee's wage earning capacity before and after the injury.[4] Wage earning capacity before the injury is measured solely by the employee's average weekly wage as prescribed in section 440.14, Florida Statutes (1974 Supp.). Other factors, such as the seasonal nature of the pre-injury employment, should not be taken into account.[5] Coca-Cola asserts, however, that the average weekly wage is not an accurate measure of a seasonal worker's true earning capacity and that it should be properly taken into account in determining the employee's wage earning capacity before the injury. Coca-Cola cites to Ball v. Mann, 75 So.2d 758 (Fla. 1954), and to Walker v. Electronic Products & Engineering Co., 248 So.2d 161 (Fla. 1971), for the proposition that loss of wage earning capacity is determined by factors other than the injured employee's average weekly wage, and that no single factor is conclusive. Our decisions in Ball and Walker, however, both dealt with wage earning capacity after an injury. These cases are irrelevant here. While pre-injury wage earning capacity is capable of objective measurement by the formula for computing the average weekly wage under section 440.14, any assessment of post-injury wage earning capacity must always be a prediction about the indefinite future and it is not only proper, but necessary that the judge take into account all relevant factors. See Harris v. Lenk, 224 So.2d 283 (Fla. 1969).
Coca-Cola's position is entirely without statutory support, and we are not empowered to create a new seasonal employment formula for the computation of pre-injury wage earning capacity. Indeed, section 440.14(3), Florida Statutes (1974 Supp.)-the only reference in the act to seasonal employment-infers that the legislature did not *1179 intend that the seasonal nature of an injured employee's work should have an adverse effect on the computation of average weekly wage.
We hold that the judge and Commission departed from the essential requirements of law when they held, for the purposes of section 440.15(3)(u), Florida Statutes (1974 Supp.), that the seasonal nature of Kerce's pre-injury employment could be taken into account in calculating Kerce's wage earning capacity before her injury. The Commission's order is quashed, and this proceeding is remanded to the deputy commissioner for the entry of an order consistent with this opinion.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON and ALDERMAN, JJ., concur.
NOTES
[1] The statutory and decisional law pertaining on the date that an accident has occurred must prevail in a workmen's compensation case. Simmons v. City of Coral Gables, 186 So.2d 493 (Fla. 1966). In 1979, however, the legislature abolished permanent partial disability as provided for in section 440.15(3)(u), Florida Statutes (1974 Supp.), and replaced it with the concept of "wage-loss". See generally Ch. 440, Fla. Stat. (1979).
[2] This case does not involve seasonal, agricultural labor, referred to in section 440.02(1)(c)2, Florida Statutes (1974 Supp.).
[3] See also Farrens Tree Surgeons v. Winkles, 334 So.2d 569 (Fla. 1976); Thomas Smith Farms, Inc. v. Alday, 182 So.2d 405 (Fla. 1966).
[4] See Fort v. Hood's Dairy, Inc., 143 So.2d 13 (Fla. 1962); Southern Bell Tel. & Tel. v. Bell, 116 So.2d 617 (Fla. 1959). See also A. Larson, 2 The Law of Workmen's Compensation § 57.00 (1976 & Supp. 1980).
[5] See Board of County Comm'rs v. Alman, 156 So.2d 850, 851 (Fla. 1963) ("Considering the purpose and theory of the [Workmen's Compensation] Act ... the average weekly wage at the time of the injury is to be regarded as representative of the pre-injury wage earning capacity of a claimant... .").