PER CURIAM.
The employer/carrier appeals from a final order awarding claimant permanent partial disability benefits based on a 75% loss of wage-earning capacity. Appellants contend that the deputy erred in the method used in computing the claimant’s earning capacity prior to the accident. We agree and reverse as to Point I.
Claimant suffered compensable injuries on March 25, 1978, resulting in a 12% permanent partial impairment to the body as a whole. The parties stipulated that claimant’s average weekly wage was $90.00. Claimant’s testimony supported this amount. However, the deputy found that claimant had a pre-injury wage-earning capacity of approximately $240.00 per week. There was no evidence in the record that claimant earned that amount for the thirteen weeks immediately preceding the accident.
The applicable law is clear. Wage-earning capacity before the injury is measured solely by the employee’s average weekly wage at the time of the injury as prescribed in Section 440.14, Fla.Stat. (1977). Other factors should not be taken into account. Kerce v. Coca-Cola Company-Foods Division, 389 So.2d 1177 (Fla.1980); Board of County Commissioners v. Alman, 156 So.2d 850 (Fla.1963). Because claimant had been employed by the same, employer for the requisite 13-week period preceding the accident, only the wage computation *1280 method prescribed in Section 440.14(1) is applicable in determining claimant’s average weekly wage.
The deputy correctly used the average weekly wage in setting a compensation rate of $54.00. However, he determined the loss of wage-earning capacity from a 75% reduction in earning capacity based on a pre-injury earning capacity of $240.00. Given the fact that claimant’s average weekly wage was only $90.00, his determination that claimant’s earning capacity at the time of the accident was $240.00 per week was erroneous.
Appellants challenge the increase in disability from 12% to 75% on the ground of lack of a valid work search by claimant. We affirm as to Point II because there is competent, substantial evidence in the record to support a finding of an adequate work search.
Accordingly, we remand with instructions that the deputy shall use claimant’s average weekly wage at the time of the accident as the measure of pre-injury wage-earning capacity.
On remand, the deputy may, in his discretion, reevaluate his determination of claimant’s disability based on wage-earning capacity loss, in light of our instruction on Point I and our affirmance on Point II.
ERVIN, SHIVERS and WENTWORTH, JJ., concur.