In the Matter of the Claim of BERNARD GELBMAN, Respondent, v CORNELL MAINTENANCE CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed August 4, 1982. Claimant, who held jobs as a taxicab driver and as an electrician, was injured in the course of his employment as a taxicab driver on June 30, 1976. He was found to have a permanent partial disability due to injury to his back and was unable to return to work as a taxicab driver. Claimant was awarded benefits of $90 per week as reduced earnings. The compensation carrier made an application on October 1, 1981 to reopen the case to review claimant's eligibility for continued benefits as he returned to work as an electrician in May, 1980 at a weekly salary of $512. By decision of August 2, 1982, the board rejected the carrier's application and this appeal ensued. The carrier argues on this appeal that claimant should not receive benefits for reduced earnings as his salary now exceeds the average weekly wage on which the reduced benefits were computed. The board found that claimant should receive benefits for lost earnings as a taxicab driver without regard to his salary as an electrician. In *Matter of Brandfon v Beacon Theatre Corp.* (300 NY 111), the court held that where claimant had previously held

two concurrent and dissimilar jobs, he was entitled to be compensated for the earnings lost to him in one occupation, without regard to his salary in the other job (*id.,* at p 115; *Matter of Fernandez v Baltimore Orioles,* 62 AD2d 1115). The carrier's attempt to distinguish the instant appeal from *Matter of Brandfon* (*supra*) and *Matter of Fernandez* (*supra*) on the basis of the type of employment lost and the claimant's earning capacity after his disability is unsupported by case law (see *Matter of Brannigan v Terzakis,* 285 App Div 980, affd 309 NY 892). There is substantial evidence to support the board's decision. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.