In the Matter of JOSEPH BRANDFON, Respondent, against BEACON THEATRE CORPORATION et al., Appellants.

WORKMEN'S COMPENSATION BOARD, Respondent.

Argued December 1, 1949; decided December 29, 1949.

*Urban S. Mulvehill* for appellants. I. The evidence does not support a finding of total disability. (*Bello* v. *General Elec. Co.*, 204 App. Div. 613; *Becker* v. *General Elec. Co.*, 210 App. Div. 495.) II. The award for partial disability was improperly computed as it was not determined by the actual earnings. (Workmen's Compensation Law, § 15, subd. 5-a; *Matter of Matise* v. *Munro Waterproofing Co.*, 293 N. Y. 496; *Matter of Dalberth* v. *Iuppa & Battle Co.*, 262 N. Y. 537.)

*Nathaniel L. Goldstein, Attorney-General* (*Theodore M. Schwartz, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent. Claimant's

earnings as a projectionist were not considered in fixing his wage rate and accordingly should not be considered in determining his reduced earnings. Claimant was partially disabled as a result of his accidental injury. His wage-earning capacity and his actual earnings were reduced as a result of his accidental injury. (*Matter of Birch* v. *Budd,* 256 App. Div. 53, 280 N. Y. 850; *Matter of Whitney* v. *Gersitz,* 264 App. Div. 968.)

FULD, J. This case, here by our permission, poses for consideration the method of computing the compensation to be awarded an employee who was injured while working in one of two dissimilar occupations and was, as a result, disabled from performing his duties in that employment.

In 1944, the claimant worked at two jobs: part time as an electrician for the Beacon Theatre and full time and regularly as a moving picture projectionist for another theatre. While changing lights at the Beacon Theatre, he was hurt. The resulting disability, though it did not interfere with his regular employment or his earnings as a projectionist, prevented him from working as an electrician. The Workmen's Compensation Board, finding that claimant had suffered a " total disability " for some six weeks and a " partial disability " for various periods thereafter, concluded that the employments were dissimilar and, in computing the amount of compensation to be charged against the part-time employer, Beacon Theatre, left out of account claimant's earnings from his employment as a projectionist both before and after the accident. The Appellate Division affirmed the determination.

A disability which completely prevents an employee from working in the employment in which he was injured is probably " total ", but decision as to that need not now detain us. Even if claimant's disability for the six-week period immediately following his injury be deemed partial rather than total, neither employer nor carrier has ground for complaint. The Board would have been privileged to allow for partial disability in this case an amount just as large as that awarded for total disability, since claimant had no " actual earnings " from his electrical employment. (Workmen's Compensation Law, § 15, subd. 5-a; see, also, § 14, subds. 2, 3.)

We turn, then, to the question that prompted our granting leave to appeal.

In order to arrive at claimant's reduced earnings, it was of course essential to consider both his average weekly wage at the time of the accident and his earnings thereafter. As noted, the Board fixed the average wage solely on the basis of his employment as electrician, without regard to his earnings as projectionist. That was correct since the employments were dissimilar. (Workmen's Compensation Law, § 14; see, also, *Matter of Birch* v. *Budd*, 256 App. Div. 53, leave to appeal denied 280 N. Y. 850; *Matter of McDowell* v. *Flatbush Cong. Church*, 277 N. Y. 536; *Matter of Moochler* v. *Herrick & Son*, 272 N. Y. 545.)

In computing claimant's earnings after the accident, the Board again excluded his earnings as projectionist, and that, too, was proper. Obviously, if claimant's average wage before the accident is determined on the basis only of earnings from the employment in which he suffered the injury, reason and fairness demand that the " earnings " after the accident should likewise be limited to wages from that same employment — or, if forced into another occupation because of his injury, wages realized from that substitute employment.

Nor does the statute require a different result. Subdivision 5 of section 15 of the Workmen's Compensation Law, which deals with compensation in partial disability cases, provides that it shall be two thirds of the difference between the employee's average weekly wage before the accident and his " wage earning capacity " thereafter " in the same or another employment ", and subdivision 5-a specifies that such wage earning capacity is to be measured by " actual earnings ". While superficially it might appear that the employee's earnings from any and all sources must be taken into account, more careful study, as well as a regard for the context and design of the statute, makes it evident that it does not apply or relate to a case in which an employee was engaged, prior to the accident, in dual and dissimilar employments. Rather, it was the legislative purpose that there be measurement in terms of " another employment " only where a worker takes another position because his injury disabled him from continuing in the original one. In other words, the wages to be considered after the accident are those earned from the " same " employment in which he was hurt or

from " another " employment which he undertook in its place. (See, e.g., *Matter of Mullins* v. *Atlantic Basin Iron Works,* 297 N. Y. 550; *Matter of Matise* v. *Munro Waterproofing Co.,* 293 N. Y. 496.)

However, in the present case, where the claimant held two concurrent jobs, he is entitled to be compensated for the earnings lost to him by virtue of his disability as an electrician, without regard to his salary as a projectionist. His wages in such other unrelated employment, it is true, were not affected by his injury, but he possessed a certain earning ability as an electrician, and that ability the accident impaired. To the extent of that impairment he is entitled to compensation, and consideration of his wages as projectionist — which would partially or entirely deprive him of such compensation — would contravene the spirit and purpose of the statute.

The order of the Appellate Division should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and BROMLEY, JJ., concur.

Order affirmed.