In the Matter of the Claim of CARLO DI MEZZO, Respondent, against G. LEVOR & COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal from a decision and award of the Workmen's Compensation Board. The claimant, a worker in a leather tannery, suffered a severe back injury on March 26, 1942, which has disabled him since. He was elected a town supervisor on January 1, 1944, and, beginning January 1, 1947, his salary in that office exceeded his prior earnings as a tannery worker. While the income from an elective office may be considered, in an appropriate case, in determining the amount of reduced earnings under subdivisions 5 and 5-a of section 15 of the Workmen's Compensation Law, the claimant's salary as supervisor was properly excluded from consideration in this case upon the ground that the office of supervisor was a part-time position and the claimant could have carried on his work in the tannery concurrently with occupying the position of supervisor, if it were not for the disability caused by the accident (see *Matter of Brandfon* v. *Beacon Theatre Corp.*, 300 N. Y. 111). The reduction of the amount of the award by the board on its own motion after the filing of the record in this court was irregular but the result reached was that requested by the appellants and was concededly correct. (*Matter of Jones* v. *Schenectady Boys Club*, 276 App. Div. 879; cf. *Ford Motor Co.* v. *Labor Board*, 305 U. S. 364.) Decision and award affirmed, without costs. Foster, P. J., Brewster, Bergan and Halpern, JJ., concur.

In the Matter of the Claim of CATHERINE CROSS, Appellant, against WILSON & Co., INC., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision of the Workmen's Compensation Board. The deceased husband of the claimant was employed as a stationary engineeer. On August 14, 1948, there is proof that the deceased inhaled gas while cleaning an oven. He died three days later due to coronary thrombosis. There is proof the inhalation of gas contributed to the thrombosis and to his death; there is proof by two doctors and an impartial specialist that gas did not contribute to the death. The board found against claimant and disallowed benefits. The expression of positive opinion by a physician on a medical question does not amount to proof of such bias or prejudice that as a matter of law a court would require the rejection of his testimony. There is, besides this, other proof in this direction which the board was free to accept. Its determination is not open to our revision on the record presented to us. Decision affirmed, without costs. Foster, P. J., Brewster, Bergan and Halpern, JJ., concur.