BOWLES v. JAMES LUMBER COMPANY.

1. Workmen's Compensation—Compensation Payable to Injured Employee Based on Earnings in Employ of Employer.
    Compensation payable under the workmen's compensation act is based on the employee's average weekly earnings at time of injury in the employ of the defendant, as determined pursuant to statutory formula (CL 1948, § 412.11).

2. Same—Injury in Part-Time Employment—Total Receipts After Injury—Earning Capacity.
    Fact that employee who suffered loss of thumb, thereby totally disabling him from common labor, while in part-time employ of defendant employer, also had a full-time job as timekeeper with another employer does not permit taking into consideration amount received from other employer in whose employ plaintiff continued after the injury, so as to affect amount payable as workmen's compensation, since it is not the same employment in which he was hurt or another employment which he undertook in its place (CL 1948, § 412.11).

Appeal from Workmen's Compensation Commission. Submitted January 4, 1956. (Docket No. 13, Calendar No. 46,515.) Decided April 2, 1956.

Donald Bowles presented his claim against James Lumber Company, employer, and State Accident Fund, insurer, for compensation for injury suffered on part-time job, the defendants opposing on the ground that he currently was receiving more remuneration from his full-time employment than he re-

References for Points in Headnotes
[1] 58 Am Jur, Workmen's Compensation § 309.
[2] 58 Am Jur, Workmen's Compensation § 312.

ceived from both jobs as of the time of his injury. Award to plaintiff. Defendants appeal. Affirmed.

*Stanton, MacKenzie, Cartwright & Walker (H. Monroe Stanton,* of counsel), for plaintiff.

*Harry F. Briggs (Peter Munroe,* of counsel), for defendants.

Dethmers, C. J.   While employed at common labor by defendant the plaintiff sustained an accidental injury resulting in loss of the thumb and cutting of tendons on the palmar side of his right hand.   He was paid compensation for specific loss of the thumb. After those payments ceased, on application filed, he was awarded additional compensation of $30 per week until the further order of the commission on a finding of total disability as a common laborer because of the condition of his hand.   That finding is not here contested.

In appealing here defendants contend that plaintiff is not entitled to further compensation under that provision of CL 1948, § 412.11 (Stat Ann 1950 Rev § 17.161), which reads:

"Provided, the compensation payable, when added to his wage earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury."

At time of injury plaintiff had worked for defendant but 2 weeks, on a part-time basis, at an hourly rate of $1.25, earning $30 the first week and $27.50 the second, for a weekly average of $28.75.   Applying the statutory provision, in the mentioned section, which defines the "average weekly wage" upon which compensation is to be computed as being not less than 40 times the hourly rate of wage, the commission, in accord with defendants' concession at the

hearing, determined plaintiff's average weekly wage in defendant's employ to have been $50 for compensation purposes. While thus employed by defendant, plaintiff had a full-time job as timekeeper for another employer where his average weekly earnings had been $64.22, making the average weekly total actually received from the 2 jobs $92.97 at time of injury. During the period extending from the date of termination of payments for the specific loss until date of hearing, plaintiff's average weekly earnings from the timekeeper's job with the other employer were $93.20. Inasmuch as the latter figure exceeds the average weekly earnings actually received from both jobs at time of injury, defendants say that the quoted statutory provision denies plaintiff the right to any further compensation whatsoever.

If plaintiff's injury, sustained while in defendant's employ, had disabled him not only from performing the common labor which he was employed by defendant to do but also from performing his work as timekeeper for his other employer, defendant could not have been held for compensation computed on the basis of his average weekly earnings received at time of injury from both jobs. Defendant's liability would have extended only to an amount computed on the basis of his average weekly earnings, at time of injury, in the employ of defendant. *Buehler* v. *University of Michigan*, 277 Mich 648. If defendant's liability for compensation may not be increased by taking into consideration what plaintiff was earning on another job at time of injury, it follows, as a matter of logic and justice, that it may not be decreased by taking into account what he continued to earn on that other job after injury. *Brandfon* v. *Beacon Theatre Corp.*, 300 NY 111 (89 NE2d 617). In that case plaintiff held a full-time job as a movie projectionist, but was injured on his part-time job as an electrician. The words "wage earning capac-

ity after the injury in the same or another employment," used in the Michigan statute to create a limiting factor on compensation payable, appear for that same purpose in the New York statute. In construing that language and considering what earning capacity was to be deemed included within its meaning as a yardstick for limiting compensation payable, under the facts in that case which so nearly resemble those at bar, the Court said (pp 114, 115):

"While superficially it might appear that the employee's earnings from any and all sources must be taken into account, more careful study, as well as a regard for the context and design of the statute, makes it evident that it does not apply or relate to a case in which an employee was engaged, prior to the accident, in dual and dissimilar employments. Rather, it was the legislative purpose that there be measurement in terms of 'another employment' only where a worker takes another position because his injury disabled him from continuing in the original one. In other words, the wages to be considered after the accident are those earned from the 'same' employment in which he was hurt or from 'another' employment which he undertook in its place. * * *

"However, in the present case, where the claimant held 2 concurrent jobs, he is entitled to be compensated for the earnings lost to him by virtue of his disability as an electrician, without regard to his salary as a projectionist. His wages in such other unrelated employment, it is true, were not affected by his injury, but he possessed a certain earning ability as an electrician, and that ability the accident impaired. To the extent of that impairment he is entitled to compensation, and consideration of his wages as projectionist—which would partially or entirely deprive him of such compensation—would contravene the spirit and purpose of the statute."

We think the rationale of our holding in *Buehler* and the reasoning of the New York court in *Brandfon,* to which we subscribe, require affirmance. Affirmed, with costs to plaintiff.

SHARPE, SMITH, REID, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.