LaFOREST v VINCENT STEEL PROCESSING, DIVISION OF
LETTS INDUSTRIES

Docket No. 57136. Decided December 8, 1975.

Application for leave to appeal by defendant Michigan Mutual
Liability Company from a decision of the Court of Appeals,
Bronson, P. J., and McGregor and Carland, JJ., affirming in
part and reversing in part a decision of the Workmen's Com-
pensation Appeal Board (Docket Nos. 19084, 19094). The Court
of Appeals held that where liability is apportioned between
employers in the case of an occupational disease, the insurer of
the prior employer on the last day of work in which a claimant
was subjected to the conditions resulting in disability is liable
for the entire compensation apportioned to the prior employer.
Affirmed.

59 Mich App 386; 229 NW2d 466 (1975) affirmed.

WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASE—INSURANCE CAR-
RIERS—LIABILITY—APPORTIONMENT.

The insurer on the risk on the last day of work on which a
claimant was subjected to the conditions resulting in disability
is liable for the entire compensation apportioned to a prior
employer where liability is apportioned between employers in
the case of an occupational disease; the statute does not provide
for apportionment among successive insurers of one employer,
and it is for the Legislature to provide for such apportionment
if it is deemed appropriate.

*George E. Ganos* for defendants Vincent Steel
Processing, Division of Letts Industries, and Em-
ployers Mutual Liability Insurance Company.

*Lacey & Jones* (by *Hayim I. Gross)* for defend-
ants Vincent Steel Processing Company and Home
Indemnity Company.

REFERENCE FOR POINTS IN HEADNOTE
[1] 58 Am Jur, Workmen's Compensation § 246.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *A. C. Stoddard* and *Richard F. Zapala,* Assistants Attorney General, for defendant Silicosis and Dust Disease Fund.

*LeVasseur, Werner, Mitseff & Brown* (by *Grahame G. Capp)* for defendant Michigan Mutual Liability Company.

MEMORANDUM OPINION. The application for leave to appeal filed on behalf of defendant-appellant is considered, and the same is hereby granted as to issue I in the brief in support of appellant's application for leave to appeal concerning the apportioning of liability among successive insurers. As to all other issues, the application for leave to appeal is hereby denied, because the appellant has failed to persuade the Court that the questions presented should be reviewed by this Court.

The motion to consolidate is considered, and the same is hereby denied as moot.

We grant as to issue I to consider the following statement of this Court:

"Although our legislature has provided for apportionment of liability among successive employers in certain cases (MCLA § 418.435 [Stat Ann 1970 Cum Supp § 17.237(435)]), no similar provision has been made for apportioning liability among successive insurers of the same employer. It is for the legislature, and not this Court, to provide for such an apportionment if it is deemed appropriate." *Sosnowski v Dandy Hamburger,* 384 Mich 221, 226, fn 3; 180 NW2d 761 (1970).

On such further consideration, we again conclude that we cannot construe this legislation as providing for apportionment among successive workmen's compensation insurance carriers. It is

for the Legislature and not this Court to provide for such apportionment if deemed appropriate.

Pursuant to GCR 1963, 865.1(7), the Court of Appeals is hereby affirmed.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, and LINDEMER, JJ., concurred.