GARDNER v FORD MOTOR COMPANY

1. WORKMEN'S COMPENSATION—COMPENSATION PAYABLE—STATUTES—WORKMEN'S COMPENSATION ACT.

Compensation payable to an injured employee under the Workmen's Compensation Act, when added to the employee's wage earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of his injury (MCLA 418.371[1]; MSA 17.237[371][1]).

2. WORKMEN'S COMPENSATION—STATUTES—WORDS AND PHRASES—ANOTHER EMPLOYMENT.

"Another employment" within the terms of a section of the Workmen's Compensation Act is a job which replaces the job from which an employee was disabled; the phrase applies only where a worker takes another position because his injury disabled him from continuing in the original position (MCLA 418.371[1]; MSA 17.237[371][1]).

3. WORKMEN'S COMPENSATION—EMPLOYMENT—PART-TIME—FULL-TIME—ANOTHER EMPLOYMENT—STATUTES—WORKMEN'S COMPENSATION ACT.

The expanded portion of part-time employment must be considered "another employment" within the terms of a section of the Workmen's Compensation Act where an employee expands his part-time job into full-time employment after he is disabled in the former full-time job (MCLA 418.371[1], MSA 17.237[371][1]).

4. WORKMEN'S COMPENSATION—AWARDS—PENALTIES—MORE THAN ONE JOB.

An employee should not be penalized in an award of compensation by the fact that he held more than one job at the time of an injury.

Appeal from Workmen's Compensation Appeal Board. Submitted November 12, 1975, at Detroit. (Docket No. 22746.) Decided December 10, 1975.

REFERENCE FOR POINTS IN HEADNOTES

[1–4] 81 Am Jur 2d, Workmen's Compensation § 27 *et seq.*

Claim by Caesar Gardner against Ford Motor Company for workmen's compensation. Compensation denied by Workmen's Compensation Appeal Board. Plaintiff appeals by leave granted. Affirmed.

*Conklin, Benham, McLeod, Ducey & Ottaway, P. C.* (by *Thomas P. Chuhran*), for plaintiff.

*William J. Devers, Jr.* and *Richard G. Wood,* for defendant.

Before: DANHOF, P. J., and McGREGOR and N. J. KAUFMAN, JJ.

McGREGOR, J. This is an appeal by plaintiff from a December 13, 1974, decision of the Workmen's Compensation Appeal Board. The appeal board found that plaintiff continued to be disabled from a 1968 injury, but they also found that plaintiff's earnings in a new position were sufficient to preclude an award of compensation.

At the time he was injured, plaintiff was employed full-time in defendant's Dearborn assembly plant and was also working in his spare time as a "bird dog" auto salesman[1] at Bart Lincoln-Mercury. Following the injury, plaintiff ceased his employment with the defendant and was subsequently hired on a full-time basis by Bart Lincoln-Mercury as an "inside" commissioned salesman. Because plaintiff's earnings from this new position exceeded his combined pre-injury earnings, the

---

[1] A "bird dog" salesman is one who works outside of a dealership soliciting business. Persons solicited by the "bird dog" are sent to the dealership where the sale is then consummated by an "inside" salesman. The entire commission from the sale is paid to the "inside" salesman, who, in turn, pays a portion thereof to the "bird dog" for his services.

appeal board determined that an award of compensation was precluded.

Plaintiff claims that in making this determination, the Workmen's Compensation Appeal Board erred as a matter of law. We disagree.

MCLA 418.371(1); MSA 17.237(371)(1) provides in relevant part:

"The weekly loss in wages referred to in this act shall consist of such percentage of the average weekly earnings of the injured employee computed according to the provisions of this section as shall fairly represent the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the injury, the same to be fixed as of the time of the injury, but to be determined in view of the nature and extent of the injury. *The compensation payable, when added to his wage earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury.*" (Emphasis supplied.)

Thus, the issue to be decided is whether plaintiff's present employment as a full-time "inside" salesman for Bart Lincoln-Mercury constitutes "another employment" within the terms of the statute. If it does, then plaintiff's contentions must be rejected and the decision of the appeal board affirmed.

In *Lahay v Hastings Lodge,* 59 Mich App 145, 150; 229 NW2d 348 (1975), *lv granted* 394 Mich 809 (1975), "other employment" was said to "appl[y] only to a job which replaces the job from which the employee was disabled". Similarly, in *Bowles v James Lumber Co,* 345 Mich 292, 295; 75 NW2d 822 (1956), it was held that " '[O]ther employment' [applies] only where a worker takes another position because his injury disabled him from continuing in the original [position]".

Therefore, the crucial question becomes whether plaintiff's employment as a full-time salesman for Bart Lincoln-Mercury "replaced" the full-time job plaintiff held with the defendant and on which plaintiff was disabled. We hold that it did.

It is clear from the record and the appeal board's findings that plaintiff took the new position only because his disability made employment with the defendant no longer possible. Plaintiff did not apply for his present position until after the disabling injury and he was not able to return subsequently to his former employment because of continuing pain from the injury. Moreover, plaintiff's "bird dogging" activities were done only in his spare time and in no way interfered with his full-time employment with the defendant, as would undoubtedly have been the case if plaintiff had been working full-time for both employers. The fact that plaintiff only began working full-time as an "inside" salesman after he ceased working full-time for the defendant leads us to the inescapable conclusion that the subsequent employment "replaced" plaintiff's former employment with the defendant.

Plaintiff argues forcefully that the *Lahay* and *Bowles* decisions mandate reversal. However, we find them distinguishable from the facts of the present case. Those cases involved an employee who held a part-time job as well as a full-time job and who was wholly disabled in his part-time job but not disabled in his primary job. In the instant case, the opposite situation is presented. Here, plaintiff was wholly disabled in his full-time job, but not disabled in his part-time job. While superficially this distinction might appeal insignificent, closer examination reveals that it must be controlling in the present case. It is obvious that, if an

employee is disabled on a part-time job, but continues employment in his unrelated primary job, the full-time job can not be said to replace the lost part-time job for the simple reason that the full-time job was in existence at the time of the injury. This remains the case even though the employee's full-time job earnings subsequently exceed the earnings from both jobs prior to the injury. It is only when the employee obtains new part-time employment in addition to his continuing primary employment that the former part-time job can be considered replaced.

If, on the other hand, the employee is disabled in his full-time job, but continues his part-time job, it follows that the commencement of a new full-time job would replace only the former full-time employment but not the continuing part-time employment. However, if the employee is disabled in his full-time job, it likewise follows that an expansion of his part-time job into full-time employment would, to the extent of the expansion, replace the former full-time job. Thus, in such a case, while the employer's liability for compensation cannot be decreased by taking into account the earnings attributable to the employee's pre-expansion part-time employment, the earnings attributable to the expansion of the part-time employment into full-time employment can be taken into account.

We believe the approach here taken to be in accord with the rationale of the *Lahay* and *Bowles* decisions. Those decisions were premised on the belief that an employee should not be penalized in an award of compensation by the fact that he held more than one job at the time of the injury. Our decision does not so penalize the employee. It merely looks to the true employment situation of the employee, both prior to and after the injury. It

is illogical to assume that an employee who expands his part-time employment from several hours a week into a full-time endeavor as a result of a disabling injury in his former full-time employment would not, in reality, be replacing that former full-time employment with the expanded part-time employment. Under such circumstances, the expanded portion of the part-time employment must be considered "another employment" under the terms of MCLA 418.371(1), *supra.*

It is not necessary, however, to remand the present case to the Workmen's Compensation Appeal Board for the determination of the extent to which plaintiff's earnings are attributable to his pre-expansion part-time employment. We reach this result because we find that plaintiff's present employment cannot be considered under the circumstances to be a continuation or expansion of his previous part-time employment. First of all, as a "bird dog", plaintiff was not an employee of Bart Lincoln-Mercury. Instead, plaintiff was, in effect, an independent contractor who worked for the dealership's "inside" salesmen. Plaintiff's name did not appear on the dealership's payroll, nor did the dealership withhold any taxes from the share of the commission plaintiff received. Moreover, it is evident that the plaintiff, had he been injured during his "bird dogging" activities, would not have been entitled to any workmen's compensation benefits from the dealership.

Secondly, plaintiff's present employment is very different from his prior "bird dogging" activities. As a "bird dog", plaintiff could only informally solicit persons with whom he came in contact to buy a car at Bart Lincoln-Mercury. Plaintiff could not enter into sales agreements with prospective customers, nor could he negotiate a price for the

automobile. Further, plaintiff was not required to work any set hours at the dealership, but could solicit customers whenever or wherever he chose.

Under these circumstances, we hold that plaintiff's present position is not a continuation or expansion of his former part-time job, but is, instead, a new and different full-time job, which replaced both prior jobs held by plaintiff. As a result, plaintiff's present employment, in its entirety, must be considered "another employment" within the terms of MCLA 418.371(1), *supra.* As such, the appeal board did not err in determining that plaintiff's earnings in his new position were sufficient to preclude an award of compensation.

We have examined the remaining issues raised by the plaintiff and have found no reversible error.

Affirmed.