SCHOOLENBERG v MEIJER, INC

Docket No. 78-1619. Submitted November 1, 1978, at Grand Rapids.—
Decided December 7, 1978.

Gary Schoolenberg brought a claim for compensation under the Worker's Disability Compensation Act for injuries sustained on June 18, 1971, while employed by Meijer, Inc. Compensation was voluntarily paid. Subsequently, claimant sought additional compensation on the grounds that he was under twenty-five years of age at the time of the injury and could be expected to have received increased wages and position during his future working life. Following a hearing, claimant was found to be entitled to additional compensation. Meijer, Inc., and Home Indemnity Company, its insurer, and the Second Injury Fund appealed to the Worker's Compensation Appeal Board which affirmed the decision of the administrative law judge. Meijer and Home Indemnity sought leave to appeal in the Court of Appeals which was denied. They then sought leave to appeal to the Supreme Court which, in lieu of granting leave, remanded the case to the Court of Appeals for consideration as on leave granted. 402 Mich 919 (1978). *Held:*

The board applied the correct legal standard in holding that claimant was entitled to additional compensation after considering his age and experience and determining that his wages and position would increase under natural conditions.

Affirmed.

1. WORKERS' COMPENSATION — WORKERS' COMPENSATION APPEAL
BOARD — APPEAL — CONSTITUTIONAL LAW — STATUTES.

Review of decisions of the Workers' Compensation Appeal Board in the Court of Appeals is limited to questions of law; questions of fact are conclusive except where legal standards are misapplied or are not supported by competent, material, and substantial evidence on the whole record (Const 1963, art 6, § 28, MCL 418.861; MSA 17.237[861]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 613 *et seq.*
[2, 3] 82 Am Jur 2d, Workmen's Compensation §§ 381, 592.

2. WORKERS' COMPENSATION — WORKER'S DISABILITY COMPENSATION
   ACT — ADDITIONAL COMPENSATION — POTENTIAL EARNINGS —
   STATUTES.

   An employee who has not attained twenty-five years of age and
   who is determined to be permanently and totally disabled
   under the provisions of the Worker's Disability Compensation
   Act and is further determined to have been of such age and
   experience at the time of his injury that his wages or position
   would be expected to increase may have such potential consid-
   ered relative to a determination of his entitlement to additional
   weekly benefits (MCL 418.359; MSA 17.237[359]).

3. WORKERS' COMPENSATION — WORKER'S DISABILITY COMPENSATION
   ACT — ADDITIONAL COMPENSATION — STATUTES.

   A determination that a worker who is under twenty-five years of
   age at the time of a permanently and totally disabling injury
   was of such age and experience at the time of his injury that
   his wages or position would be expected to increase need not be
   based on an actual showing that such potential would be
   realized to allow an award of additional compensation under
   the Worker's Disability Compensation Act (MCL 418.359; MSA
   17.237[359]).

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for defendants Meijer, Inc., and Home Indemnity Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael L. Pitts,* Assistant Attorney General, for defendant Second Injury Fund.

Before: BEASLEY, P.J., and D. E. HOLBROOK and G. R. COOK,* JJ.

PER CURIAM. On June 18, 1971, plaintiff received an injury in the course of his employment which left him a totally disabled paraplegic. At the time he was injured, plaintiff was 19 years old, attend-ing college with the intention of becoming a teacher, and employed part-time at the Meijer

---

* Circuit judge, sitting on the Court of Appeals by assignment.

store. Following the injury, compensation equaling two-thirds of plaintiff's average weekly wage was voluntarily paid. At a hearing before an administrative law judge, plaintiff was held to be entitled to additional payments by virtue of MCL 418.359; MSA 17.237(359). The Workers' Compensation Appeal Board affirmed the decision. Defendants now appeal the granting of the maximum scheduled benefits to plaintiff.

This Court limits review of Workers' Compensation Appeal Board decisions to questions of law involved in the case. Questions of fact decided by the board are conclusive if the correct legal standard has been applied.[1]

MCL 418.359; MSA 17.237(359) provides:

"Whenever an employee who has not attained his twenty-fifth birthday is injured so that he is entitled to compensation as permanently and totally disabled as defined in this act, if it is established that the injured employee was of such age and experience when injured that, under natural conditions, his wages or position would be expected to increase, that fact, subject to the statutory minimum and maximum weekly payments, may be considered by a hearing referee in determining his weekly payments."

Defendants argue that plaintiff should not receive maximum benefits until 1974, when he would have finished college and begun earning a wage sufficient to support such benefits.

In applying the statute, the majority of the board determined that plaintiff was under 25 years of age and was of such age and experience at the time of the injury that his wages or position would

[1] Const 1963, art 6, § 28, MCL 418.861; MSA 17.237(861), *Askew v Macomber*, 398 Mich 212; 247 NW2d 288 (1976), *LaForest v Vincent Steel Processing, Division of Letts Industries*, 59 Mich App 386; 229 NW2d 466 (1975), *aff'd* 395 Mich 364 (1975).

be expected to increase. The decision noted that § 359 does not require a determination that those contingencies would, in fact, occur.

Therefore, there need not be an actual showing that plaintiff's wages or position would actually increase sometime in the future. A holding that the board would have to determine when (or if) plaintiff would have completed his education and when (or if) plaintiff would have attained employment would require a high degree of speculation and pose evidentiary problems of an unusual nature. Clearly, this would not seem to have been the intent of the Legislature.

In ordering the additional compensation, the board relied on *Schram v Witt Jewelry Co.*[2] The facts and reasoning in that case are nearly identical to the case at bar. The board, in *Schram,* also awarded the maximum weekly benefits to a 19-year old who, as did plaintiff in the instant case, planned to continue his college education with the intention of becoming a teacher at the time he became permanently disabled.

In the instant case, the board considered plaintiff's age and experience and determined that they would increase under natural conditions. We find that the board applied the correct legal standard in reaching its conclusion.

Affirmed.

[2] 1972 WCABO 1171, *lv den* Court of Appeals Docket No. 14,878 (1972), *lv den* 389 Mich 756 (1972).