SHAW, Judge,
concurring and dissenting.
I would reverse the order assessing costs against the claimant. Section 440.32, Florida Statutes (1978), provides:
If the judge of industrial claims, commission, or any court having jurisdiction of proceedings in respect of any claim or compensation order determines that the proceedings in respect of such claim or order have been instituted or continued without reasonable ground, the cost of such proceedings shall be assessed against the party who has so instituted or continued such proceedings.
I interpret the statute as saying that a judge of industrial claims may assess costs against a party upon a proper determination that said party has initiated or maintained a claim or order without reasonable grounds. There has been no such determination in this instance. In fact, the reasonableness of the claimant’s institution and continuance of the claim was never explored by the judge.
The majority opinion proceeds on the assumption that the judge assessed costs pursuant to § 440.32, Florida Statutes. A close reading of the judge’s order reveals that this is not the case. His inquiry was directed to the reasonableness of the motion for a continuance and the dismissal of the claim when a continuance was not granted. The judge, in Paragraph 4 of his April 11, 1978 order, appears to recognize the futility of attempting to assess costs under § 440.32 and, after expressing a need for legislative attention directed to the problem, he calls upon his authority in “equity” to sustain his actions. The following paragraph from his order more fully illuminates his reasoning:
4. Florida Statute 440.32 provides that a Judge of Industrial Claims may assess the cost of any proceedings that he finds have been instituted or continued without reasonable grounds against the party who has so instituted or continued *6 such proceedings. This Judge of Industrial Claims is not certain that he can assess cost against claimant’s counsel under the circumstances of this case since it appears the Motions to Tax Costs are directed toward the claimant’s having requested a continuance two days before the scheduled final hearing and then withdrawing his claim after he (sic) request for a continuance had been denied. This is certainly a matter which deserves Legislative attention. However, in view of the fact that claimant’s counsel had the right to withdraw his claim after his Motion for Continuance was granted and there was no correlative right for the employers/carriers, this Judge of Industrial Claims finds that equity dictates I find that the cost reasonably incurred and referred to in paragraphs number one and number two be assessed against the claimant.
I fully appreciate the aggravation and frustration occasioned by withdrawal of a claim two days prior to the scheduled final hearing. It is, nevertheless, my opinion that in Florida the award of fees and costs in workers’ compensation cases is statutory and must be strictly construed. Sunbeam Enterprises v. Upthegrove, 316 So.2d 34 (Fla.1975); Parrot v. City of Fort Lauderdale, 190 So.2d 326 (Fla.1966). I am unable to find any case law supporting the proposition that a deputy commissioner has authority in equity to assess costs. I accordingly dissent as to the affirmance of the assessment of cost against the claimant.
I concur in the majority opinion relative to the remaining issues on appeal.