PORTER v GREAT LAKES STEEL

Docket No. 55870. Submitted January 14, 1982, at Detroit.—Decided
March 17, 1982. Leave to appeal applied for.

John Porter was awarded workers' compensation benefits for a
disability caused by an allergic condition arising from exposure
to certain substances in his employment as a millwright at
Great Lakes Steel, Division of National Steel Corporation.
Porter was working part-time as a roofer when he left the
employ of Great Lakes and has continued to be self-employed
as a roofer. The administrative law judge found that he had
established an earning capacity as a roofer and was not dis-
abled as to that employment but that a prior, job-related back
injury required continuing treatment to prevent total disabil-
ity. The Workers' Compensation Appeal Board, in a divided
opinion, modified the award, granting benefits from the last day
of Porter's work as a millwright and holding that his concur-
rent earnings as a roofer could not be used in computing his
weekly benefits. Great Lakes appeals, by leave granted, alleging
that the divided opinion of the WCAB is not a judicially
reviewable majority opinion, that the WCAB erred in finding
the date of injury to be the last day of work, and that Great
Lakes should be entitled to a credit against its liability for
Porter's earnings as a roofer. *Held:*

1. A decision of the WCAB is not properly reviewable where
some of the majority concur only in the result without a
statement of the facts upon which the result is based. In this
case a member of the board who concurred in the result did
state that she agreed with the findings of fact of the members
with whom she concurred. There was, therefore, a majority
agreement of the WCAB as to the findings of fact and the case
is properly reviewable.

2. The date of injury, in this case an occupational disease,
was properly found to be the last day of work in the employ-

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 616.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 245 *et seq.,* 552.
[3] 83 Am Jur 2d, Workmen's Compensation § 245 *et seq.*
[4] 82 Am Jur 2d, Workmen's Compensation §§ 348, 366, 373.

ment where the employee was subjected to the conditions giving rise to the disease.

3. An expansion of a part-time job into full-time employment replaces the former full-time job to the extent of the expansion. Therefore, the former employer's liability for compensation may be decreased by the earnings attributable to the expansion of the part-time employment. The case is remanded to the WCAB for a determination of whether there was an expansion of Porter's roofing work which can be classified as replacement work for the purpose of allowing a credit against the liability of Great Lakes.

Remanded.

1. WORKERS' COMPENSATION — REVIEW — MAJORITY OPINIONS.

A decision of the Workers' Compensation Appeal Board is not properly reviewable where some of the majority of the board concur only in the result and do not state the facts upon which that result is based.

2. WORKERS' COMPENSATION — DATE OF INJURY — STATUTES.

The date of an injury, as found by the Workers' Compensation Appeal Board, is a factual finding which, in the absence of fraud, is conclusive if the correct legal standard has been applied (MCL 418.861; MSA 17.237[861]).

3. WORKERS' COMPENSATION — DATE OF INJURY — STATUTES.

A disease or injury which is not attributable to a single event has a "date of injury", for purposes of workers' compensation, corresponding to the last day of work in the employment where the employee was subjected to the complained-of conditions (MCL 418.301[1]; MSA 17.237[301][1]).

4. WORKERS' COMPENSATION — PART-TIME EMPLOYMENT — EMPLOYER'S LIABILITY.

A part-time job which expands into full-time employment after an employee is disabled in his former full-time job replaces, to the extent of the expansion, the former full-time job; therefore, the former employer's liability for compensation for the disability may be decreased by the earnings attributable to the expansion of the part-time employment.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Granner S. Ries),* for plaintiff.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell*), for defendant.

Before: CYNAR, P.J., and M. J.KELLY and D. C. RILEY, JJ.

D. C. RILEY, J. Plaintiff worked for defendant from 1953 until mid-1973. He began working for defendant as an ordinary laborer but later became a skilled laborer. In 1959, he suffered a back injury which kept him off work for seven weeks. In early 1968, plaintiff complained of a burning sensation in his nose which allegedly was due to his inhalation of hydrochloric acid fumes while on the job. He continued to experience burning eyes, a running nose, and nausea each time he worked near the defendant's tub of hydrochloric acid. In May of 1972, plaintiff was fired for being unwilling or unable to work as a millwright. He was reinstated in favored work as a janitor in June of 1972. Two months later, he was transferred back to the plant but he was unable to do the work and took time off. In June of 1973, he returned to work as a janitor. Plaintiff testified that on July 3, 1973, his employer required him to use dry cleaning fluid to clean a carpet. The fumes from the fluid gave him a headache and nausea. He worked July 5th but reported off sick on July 6th. On July 11th, he was given a letter of suspension because of his absenteeism.

The plaintiff filed a workers' compensation claim alleging injury to his chest, lungs and throat, and sinusitis and rhinitis due to excessive dust, smoke and fumes. The administrative law judge added the Silicosis and Dust Disease Fund as a defendant in this case and an amended complaint form 104 was filed, alleging a back injury.

The administrative law judge awarded benefits,

finding plaintiff totally disabled by rhinitis from his employment as a millwright. Moreover, she found that plaintiff had established an earning capacity as a self-employed roofer, commencing in 1969. However, she found that, while he was not presently disabled as to his back in roofing work, she believed that he suffered continuing back pain as a result of his injury on the job, finding the date of injury to be February 17, 1964. She found that continuing treatments to his back made it possible for him to continue work as a roofer, preventing him from being totally disabled. The administrative law judge found that continued medical care was related to plaintiff's back injury and that such care was both necessary and reasonable. Defendant was ordered to repay all sums for medical treatment, future treatment, and differential pay as a skilled employee if it could be established.

Plaintiff appealed to the Workers' Compensation Appeal Board (WCAB). Defendant's appeal to the board was not timely and, therefore, only plaintiff's appeal was before the board. The WCAB divided sharply, not along fact-finding lines, but as to what matters were properly before the panel. The majority opinion embellished the minority finding that plaintiff was disabled from his skilled work as a millwright because of his rhinitis and that plaintiff's exposure to hydrochloric acid precipitated and aggravated plaintiff's condition. The majority opinion went on to modify plaintiff's award, granting full benefits and finding an injury date of August 8, 1972, and held that plaintiff's concurrent earnings as a roofer could not be entered into computations of plaintiff's weekly recovery rate.

Defendant appeals the WCAB decision and its first issue on appeal is whether or not the opinion

of the WCAB was a majority or controlling opinion. The author of the WCAB opinion received a concurrence from one member and a concurrence in result from another member, giving him a majority opinion. The two remaining members of the panel joined in a dissenting opinion.

In *Aquilina v General Motors Corp,* 403 Mich 206; 267 NW2d 923 (1978), the Court held that a controlling opinion was not a majority opinion. In *Aquilina,* one member wrote an opinion in which two other members concurred only in result but did not issue an opinion. The Court stated it could not discharge its review responsibilities properly unless a true majority reached a decision based on stated facts. The Court noted: "A decision is not properly reviewable when some of the majority concur only in the result and do not state the facts upon which that result is based." *Id.,* 214.

The member who concurred in result in this case did agree with the findings of fact of the majority. She stated: "I express no opinion about what is or is not properly before us in this case; I concur in Mr. Marshall's fact-finding premised on his assuming *arguendo* that issues out of which they arise are properly before us." There was, therefore, a majority agreement as to the findings of fact and the dictates of *Aquilina* were met.

The defendant also claims that the WCAB erred by finding that the date of injury for sensitization to an allergen was the last day of work. This issue presents the question of the proper interpretation of MCL 418.301(1); MSA 17.237(301)(1), which provides:

"An employee, who receives a personal injury arising out of and in the course of his employment by an employer who is subject to the provisions of this act, at the time of such injury, shall be paid compensation in

the manner and to the extent provided in this act, or in case of his death resulting from such injuries the compensation shall be paid to his dependents as defined in this act. Time of injury or date of injury as used in this act *in the case of a disease or in the case of an injury not attributable to a single event* shall be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death." (Emphasis added.)

The administrative law judge concluded that the date of injury was January 4, 1968, which would correspond to the time plaintiff inhaled hydrochloric acid fumes and reported to the plant's first-aid station complaining of a burning sensation in his nose. The majority opinion of the WCAB disagreed, noting that an occupational disease was involved and the date of injury was, therefore, August 8, 1972, the approximate last time plaintiff was exposed to the hydrochloric acid fumes in defendant's cold mill.

The scope of review of the WCAB's determination depends on whether the date of injury is a legal or factual decision. Plaintiff argues that a factual finding is involved in this issue and that, in the absence of fraud, findings of fact made by the WCAB are conclusive. MCL 418.861; MSA 17.237(861). Defendant contends that the WCAB commits reviewable error by basing a finding of fact upon a misconception of law or by failing to correctly apply the law to the facts. *Braxton v Chevrolet Grey Iron Foundry Division of General Motors Corp,* 396 Mich 685, 692-693; 242 NW2d 420 (1976). We conclude that the date of injury is a factual finding which is supported by competent evidence in this case.

"Questions of fact decided by the board are conclusive if the correct legal standard has been

applied." *Schoolenberg v Meijer, Inc,* 107 Mich App 363, 365; 309 NW2d 548 (1978). We must determine, therefore, whether the "single event" language applies to diseases as well as injuries for establishing time of injury.

From our plain reading of the statute, we conclude that a disease not attributable to a single event, as well as an injury, has a date of injury corresponding to the last day of work in the employment where the employee was subjected to the complained-of conditions. This interpretation is consistent with prior case law. *Sosnowski v Dandy Hamburger,* 384 Mich 221, 226; 180 NW2d 761 (1970), *LaForest v Vincent Steel Processing, Division of Letts Industries,* 59 Mich App 386, 392; 229 NW2d 466 (1975), *aff'd* 395 Mich 364; 235 NW2d 592 (1975).

The defendant's final allegation of error is that the WCAB's finding that defendant was not entitled to a credit against its liability for the wages earned by plaintiff in his roofing business was reversibly erroneous.

Our analysis of this issue begins with a review of *Bowles v James Lumber Co,* 345 Mich 292; 75 NW2d 822 (1956). Donald Bowles sought compensation for injury suffered on a part-time job and the defendant company protested because of Bowles' continuing unrelated full-time employment. The Court stated: "If defendant's liability for compensation may not be increased by taking into consideration what plaintiff was earning on another job at time of injury, it follows, as a matter of logic and justice, that it may not be decreased by taking into account what he continued to earn on that other job after injury." *Id.,* 294.

In *Lahay v Hastings Lodge No 1965 BPOE,* 398 Mich 467, 476; 247 NW2d 817 (1976), the Court

stated "that *Bowles* should be reaffirmed because it currently stands as a valid prohibition against using an employee's full-time job earnings to limit the benefits received from a disability affecting only a part-time job". The *Bowles* decision was interpreted in *Lahay, supra,* 479, to mean "that unrelated and unaffected concurrent employment shall not be considered in calculating benefits or limitation of benefits".

Defendant would have this Court find that *Gardner v Ford Motor Co,* 66 Mich App 266; 238 NW2d 834 (1975), is controlling, rather than *Bowles.* The *Gardner* Court distinguished *Bowles* on the facts. *Gardner* involved an employee who was disabled in his full-time job but not in his part-time job. *Bowles* involved the opposite fact situation. Gardner became disabled as to his full-time work at a Ford assembly plant. He later became a full-time automobile salesman which he claimed was a continuation or expansion of the part-time prospect-locating activities he conducted while working at the plant. The Court concluded that this was a new and different full-time job and, therefore, could be considered to reduce Ford Motor Company's liability.

Defendant in this case draws our attention to the *Gardner* dicta that "if the employee is disabled in his full-time job, it likewise follows that an expansion of his part-time job into full-time employment would, to the extent of the expansion, replace the former full-time job". *Id.,* 270. Therefore, the employer's liability for compensation could be decreased by the earnings attributable to the expansion of the part-time employment. We conclude that this position is sound, in logic and in justice, and adopt it in this case.

To the extent plaintiff's roofing business ex-

panded and replaced the previous full-time work, defendant should receive credit against its liability. The WCAB majority opinion states that "there is no evidence at all on this record" that plaintiff's roofing business expanded in any significant way. The record indicates that plaintiff did, on occasion, work up to ten hours a day on a job. The partnership tax returns from 1970 to 1974 show a steady growth of business. The WCAB should have articulated with more specificity the testimony and evidence it relied upon. This case must be remanded to the WCAB for it to determine, in light of the law articulated herein, whether there was an expansion of plaintiff's roofing work which can be classified as replacement work.

Remanded. We retain jurisdiction.