782 F.2d 1041
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
COMMERCIAL UNION INSURANCE Plaintiff-Appellee (84-1771),
Plaintiff-Appellant (84-1801),
v.
FLINT BOARD OF EDUCATION, Defendant-Appellant (84-1771),
Defendant-Appellee (84-1801),
JAMES SOUTHERLAND, Defendant (84-1771) Defendant-Appellee (84-1801).
 84-1771, 84-1801
 United States Court of Appeals, Sixth Circuit.
 12/31/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: JONES and CONTIE, Circuit Judges; and PECK, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 The plaintiff and defendant in this action appeal from a summary judgment entered in part for each party in a dispute over an insurance contract.[1] We have reviewed all issues raised by both parties and affirm the district court's summary judgment in all respects.
 
 
 2
 Plaintiff, Commercial Union Insurance ('Commercial Union'), is a c rporation licensed to do business in Michigan. The defendant, the Flint Board of Education, ('the Board'), entered into a contractual agreement with Commercial Union whereby Commercial Union was to pay worker's compensation benefits to the Board's injured employees when the Board's self-retention amount of $50,000 had been reached. Pursuant to this agreement, Commercial Union was to provide coverage for any injury occurring after July 21, 1969, once the claims for that injury aggregated over $50,000.
 
 
 3
 The insurance contract entered into between the parties contained certain conditions that the Board was obligated to satisfy with respect to any claim made. Among other things, the Board was required to notify Commercial Union promptly of any action or suit commenced against it and of any proceeding, event or development that might result in a claim against Commercial Union. The Board was also required to forward promptly all pleadings and reports of investigation requested by Commercial Union. Additionally, the contract required the Board to obtain the written consent of Commercial Union before making any 'voluntary settlements involving loss' to Commercial Union.
 
 
 4
 On June 6, 1968, James Southerland, an employee of the Board, sustained an injury during the course of his employment. Because of this injury, Southerland only worked for brief periods until July 2, 1970, which was his final day of employment with the Board. By June 1977, the Board had paid benefits to Southerland totalling approximately $37,000. In September 1977, Southerland filed a petition with the Michigan's worker's compensation bureau for more relief. Thereafter, on June 1, 1978, Southerland, the Board and Michigan's Second Injury Fund agreed, in a stipulation entitled 'Voluntary Payment,' that Southerland would be paid benefits on the basis of total and permanent disability. The stipulation read that '[p]ayments [would] be made pursuant to a July 2, 1970 date of injury' (emphasis added). The July 2, 1970 injury date was agreed upon because it was the last day Southerland was employed with the Board.
 
 
 5
 Prior to the date the stipulation was entered, Southerland's injury for worker's compensation purposes was thought to be June 6, 1968, the date on which he initially sustained his injury. In communications between the Board and Commercial Union, the Board listed the date of injury as June 6, 1968. Commercial Union, by letter, informed the Board that the insurance contract provided no coverage for injuries sustained by an employee prior to July 21, 1969.
 
 
 6
 Commercial Union filed a complaint in the district court seeking a declaratory judgment that Commercial Union would not be liable for any excess workers compensation payments made to Southerland pursuant to a 1970 injury date, on the ground that the Board breached its contract by failing to give proper notice of the July 2, 1970 injury date. Commercial Union also sought damages for the alleged negligence and bad faith of the Board in not settling Southerland's claims within the Board's self-retention policy limits.
 
 
 7
 Both parties filed motions for summary judgment on each count of the complaint. The district court granted Commercial Union's summary judgment motion for a declaration holding that the Board breached the contract for failing to give proper notice of a 1970 injury date. On the negligence claim, the district court granted summary judgment in favor of the Board, holding that the Board owed no duty to Commercial Union that would give rise to a claim based on negligence or bad faith. Each party filed a separate appeal from that ruling.
 
 
 8
 * Preliminarily, the Board contends that the district court did not have jurisdiction to hear a claim where worker's compensation benefits were involved. Instead, it argues, such claims are within the exclusive jurisdiction of the worker's compensation bureau as mandated by Michigan's Worker's Disability Compensation Act regardless of whether legal or equitable relief is sought. See Mich. Comp. Laws Sec. 418.841.
 
 
 9
 This is not, however, a worker's compensation suit; it is a suit for breach of contract. At issue in this case is an insured employer's failure to comply with the contractual provisions of an insurance contract and the insurer's liability in light of that failure. This case does not involve any rights, obligations or responsibilities within the scope of Michigan's worker's compensation laws. Jurisdiction of this controversy was, therefore, correctly exercised by the district court.
 
 
 10
 The Board also contends that the district court exceeded its jurisdiction in finding that the date of Southerland's injury was July 2, 1970. Under Michigan's worker's compensation laws, findings of fact regarding disputed dates of injury are to be resolved by the worker's compensation bureau. Porter v. Great Lakes Steel, 114 Mich. App. 293, 298-99 (1982). The district court, however, recognized its limited jurisdiction and expressly declined to resolve any such dispute. The dispute before the district court merely involved Commercial Union's liability on the insurance policy for the Board's failure to give proper notice of a 1970 injury date. By entering a stipulation with Southerland and the worker's compensation bureau stating a July 1970 date of injury, the Board for the first time purportedly stated a date of injury that would make Commercial Union obligated to provide coverage. The district court, therefore, needed to resolve only whether the Board breached the contract by not giving proper notice of the 1970 injury date as required by the terms of the contract.
 
 II
 
 11
 The district court entered the declaratory judgment in favor of Commercial Union because the Board failed to comply with the terms of the contract. In an oral opinion, the court found that the Board gave no notice of the injury date in accordance with the terms of the contract nor in accordance with the 'practice that apparently had grown up in connection with the administration of this particular contract.' The Board argues nonetheless that the basis of the district court's decision was not a failure to give notice of injury but Commercial Union's 'want of notice of injury,' a ground, it asserts, which was not relied upon in the complaint.
 
 
 12
 Whatever slight distinction exists between 'want of notice' and 'failure to give notice,' we do not construe the district court's decision or the complaint so narrowly. The issue before the district court was whether the Board was in material breach of the contract. By ruling that the Board breached the contract by failing to comply with its terms, the district court expressly stated the basis for its decision. The district court found that notice of injury was a condition of the contract that the Board failed to fulfill. We should also add parenthetically that even if 'want of notice of injury' were the sole basis for the decision, the district court's findings would still comport with the breach of contract claim.
 
 
 13
 In its cross-appeal, Commercial Union contends that the district court erred in granting summary judgment in favor of the Board by ruling that the Board owed no good faith duty to Commercial Union in its handling of Southerland's claim. Commercial Union rests its argument on a theory that an insurer owes an excess insurer carrier a good faith duty in settling claims of the insured. This principle of law is correctly stated, but its application to this case is misplaced. The Board is not an insurer. It is merely the insured in the contract with Commercial Union. Any attempt to characterize this relationship otherwise finds no support in the law. We must, therefore, agree with the district court's conclusion that the law imposes no duty on the Board that gives rise to claims of bad faith or negligence.
 
 
 14
 We have thus reviewed all issues raised in this appeal, including the Board's claim that the district court abused its discretion by not invoking sanctions against Commercial Union, a claim we find without merit. Accordingly, the district court's summary judgment disposition on each issue raised is AFFIRMED.
 
 
 
 [1]
 Defendant James Southerland was dismissed from this action by order of the district court on May 20, 1983