KEYZER *v.* CHRISTIAN REST HOME

WORKMEN'S COMPENSATION—TOTAL INCAPACITY—MINIMUM WEEKLY
PAYMENT—PART-TIME EMPLOYEE—APPLICABILITY.
    The $27 minimum weekly payment provided by the workmen's
    compensation act for total incapacity applies to both part-
    time and full-time employees (MCLA §§ 412.9, 412.11).

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 3 February 3, 1971, at Grand Rapids. (Docket No. 9324.) Decided April 1, 1971. Leave to appeal denied, 385 Mich 758.

Nellie Keyzer presented her claim for workmen's compensation against Christian Rest Home Association. Award to plaintiff. Defendant appeals by leave. Affirmed.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendant.

Before: FITZGERALD, P. J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. Plaintiff, formerly a part-time employee of the defendant, was awarded compensation for a fractured hip which occurred in a fall during the course of her employment as a practical nurse.

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation § 545 *et seq.*

The only dispute concerns the rate of compensation due plaintiff under the Workmen's Compensation Act.

Defendant computes the compensation according to the following method under the act:

"When the department finds that the employee was employed specifically and not temporarily on a part-time basis, the average weekly wage shall be determined by multiplying the hourly rate or earning by the average number of hours worked in the part-time employment."[1]

Plaintiff was paid at a rate of $1.90 per hour and worked an average of sixteen hours per week. Therefore, under the above section, plaintiff's average weekly wage would be $30.40.

Section 9 of the act provides:

"While the incapacity for work resulting from injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation of 66–2/3% of his average weekly wages."[2]

Defendant contends that since plaintiff's average weekly wage computed under MCLA § 412.11 is $30.40, compensation under MCLA § 412.9 is 0.66–2/3 x $30.40 or approximately $20.13 per week.

The Workmen's Compensation Appeal Board awarded plaintiff $27 per week, however, based upon the following section of the act:

"Compensation shall be paid for the duration of disability. Weekly payments shall in no event be less than $27.00 if there are no dependents."[3]

From the decision of the appeal board, we granted defendant leave to appeal to this Court.

---

[1] MCLA § 412.11 (Stat Ann 1968 Rev § 17.161).
[2] MCLA § 412.9 (Stat Ann 1968 Rev § 17.159).
[3] MCLA § 412.9 (Stat Ann 1968 Rev § 17.159).

Defendant contends that the $27 minimum weekly payment is applicable to full-time employees only. Otherwise, contends defendant, the provision may result in an award of compensation greater than the average weekly wage earned on a part-time basis. However, a reading of the statute does not reveal any language which would lead this Court to conclude that the $27 minimum applies to full-time employees only. The plain language of the statute is exactly to the contrary.

Although defendant's hypothetical situation would appear to be possible under the act, that question is not before us at this time. In any event, we may not speculate as to the probable intent of the Legislature beyond the words employed in the act.[4] The words employed clearly apply to both full-time and part-time employees. Had the Legislature desired to effect the interpretation now placed upon the act by defendant, it could easily have done so in simple language. It is not for this Court to add language to a clear and explicit statute. The decision of the Workmen's Compensation Appeal Board is affirmed.

---

[4] See *City of Lansing* v. *Township of Lansing* (1959), 356 Mich 641; *Trbovich* v. *City of Detroit* (1966), 378 Mich 79.