IRVAN v BORMAN'S, INC

Docket No. 64928. Argued June 2, 1981 (Calendar No. 6).—Decided February 1, 1982.

David Irvan, a part-time employee of Farmer Jack Markets, a division of Borman's, Inc., was injured in the course of his employment and totally incapacitated for work. His employer continued to pay his average wage of $28 a week. The Workers' Compensation Appeal Board decided that the correct rate of compensation for the plaintiff is $78 a week, the rate of compensation for a claimant with no dependents as adjusted for 1976 by the Director of the Bureau of Workers' Disability Compensation. The Court of Appeals, M. F. Cavanagh, P.J., and DeWitt, J. (M. J. Kelly, J., dissenting), reversed on the ground that the Worker's Disability Compensation Act also prohibits payment of compensation exceeding the employee's average weekly wage at the time of the injury (Docket No. 43233). The plaintiff apppeals.

In a unanimous opinion by Justice Kavanagh, the Supreme Court *held:*

Compensation may not be less than the statutory minimum when the incapacity is total. The prohibition in the Worker's Disability Compensation Act against payments exceeding the employee's average weekly wage applies only when the disability is partial.

1. The plaintiff here was totally incapacitated after his injury. The amount of compensation payable to a totally disabled employee is determined under § 351 of the Worker's Disability Compensation Act. Nothing in the language of that provision shows an intent of the Legislature to limit the payment of the minimum compensation to full-time employees.

2. The primary goal of the Worker's Disability Compensation

REFERENCES FOR POINTS IN HEADNOTES
[1-3, 5] 82 Am Jur 2d, Workmen's Compensation §§ 338, 340.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 368, 369.
[3] 81 Am Jur 2d, Workmen's Compensation § 29.
[4] 81 Am Jur 2d, Workmen's Compensation § 2.
[5] 82 Am Jur 2d, Workmen's Compensation § 347.
[6] 81 Am Jur 2d, Workmen's Compensation § 110.
  82 Am Jur 2d, Workmen's Compensation § 347.

Act is to compensate injured employees for loss of earning capacity, not merely lost wages. It also seeks to avoid the payment of windfalls to those who are still able to work. Section 371 differentiates between full- and part-time employees, while § 351 does not. The language of § 371 implicitly deals with partial disability, whereas § 351 is clear in its use of the word "total" incapacity for work. Implicit in the language "wage earning capacity after the injury" of the limiting provision in § 371 is the requisite that the worker have *some* earning capacity after the injury. A partially disabled worker may have his or her working capacity diminished only slightly and payment of the statutory minimum benefit in that case would create a windfall, which the operation of § 371 avoids. A totally incapacitated person, having *no* earning capacity, cannot reap such a windfall. Those persons being unable to undertake substitute employment would fall under the rule of § 351. The moment such a worker takes any type of substitute work, he or she would no longer be "totally incapacitated" and benefits would be limited under § 371.

3. The emphasis should be on earning capacity, not on hours worked or wages earned. Where an injured worker's disability is total, as here, the loss of earning capacity is total and he or she is entitled to the statutory minimum. There would be no logic in limiting one who is out of the job market, suffering an employment-related injury, to a fraction of minimum disability benefits merely because at the moment of injury his working time was inconsistent with his capacity. Such a result is incorrect and inhumane.

4. In accordance with a case recently decided by the Court the plaintiff is entitled to the minimum benefits set out in § 351 of the statute, rather than the amount as adjusted by the Director of the Bureau of Workers' Disability Compensation. Therefore, the matter is remanded to the Workers' Compensation Appeal Board for recomputation of benefits in accord with the statute.

Reversed.

96 Mich App 232; 292 NW2d 183 (1980) reversed.

1. WORKERS' COMPENSATION — MINIMUM BENEFIT — TOTAL DISABILITY.

Compensation under the Worker's Disability Compensation Act may not be less than the statutory minimum when the incapacity is total (MCL 418.351; MSA 17.237[351]).

2. Workers' Compensation — Minimum Benefit — Partial Disability.

The prohibition in the Worker's Disability Compensation Act against payments exceeding the employee's average weekly wage applies only when the disability is partial (MCL 418.371[1]; MSA 17.237[371][1]).

3. Workers' Compensation — Minimum Benefit — Total Disability — Statutes.

Nothing in the language of the provision of the Worker's Disability Compensation Act which determines the compensation payable to a totally disabled employee shows an intent of the Legislature to limit the payment of the minimum compensation to full-time employees (MCL 418.351; MSA 17.237[351]).

4. Workers' Compensation — Statutes — Legislative Intent.

The primary goal of the Worker's Disability Compensation Act is to compensate injured employees for loss of earning capacity, not merely lost wages; it also seeks to avoid the payment of windfalls to those who are still able to work (MCL 418.101 *et seq.;* MSA 17.237[101] *et seq.).*

5. Workers' Compensation — Minimum Benefit — Earning Capacity — Total Disability.

Where an injured worker's disability is total, the loss of earning capacity is total and the worker is entitled to the statutory minimum workers' compensation benefit; the emphasis should be on earning capacity, not on hours worked or wages earned (MCL 418.351; MSA 17.237[351]).

6. Workers' Compensation — Minimum Benefit — Earning Capacity — Total Disability.

There would be no logic in limiting a part-time employee, suffering an employment-related injury, to a fraction of the minimum workers' compensation benefit merely because at the moment of injury his working time was inconsistent with his capacity; the employer for whom he was working should shoulder the burden of the compensatory minimum provided by the statute (MCL 418.351; MSA 17.237[351]).

*Michael J. Kingsley* and *Brian J. Kingsley* for plaintiff.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by

*Robert F. Auld* and *Richard D. Toth),* for defendant.

KAVANAGH, J. This case involves the question of whether compensation for injury under the Worker's Disability Compensation Act[1] may be less than the minimum prescribed in § 351 (MCL 418.351; MSA 17.237[351]) when the average weekly wage of the injured employee is less than the statutory minimum.

We hold that it may not, reverse the decision of the Court of Appeals, and reinstate the award of the Workers' Compensation Appeal Board.

At the time of his injury, plaintiff was a part-time employee of the defendant, earning an average weekly wage of $28. Following the injury, defendant continued to pay plaintiff $28 a week. Plaintiff filed a petition for hearing in November, 1976.

On March 7, 1978, the Administrative Law Judge found that the correct rate of weekly compensation was the statutory minimum, $78.[2] Defendant appealed and the appeal board affirmed. The Court of Appeals reversed and remanded for entry of an order consistent with their finding that plaintiff was not entitled to the statutory minimum.

The Court of Appeals panel in this case held that the minimum provided in § 351 applies only

[1] MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.*

[2] Prior to our recent decision in *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981), the minimum compensation provided for in § 351 of the act had been adjusted upward each year in accordance with the increase in the average weekly wage in covered employment.

In 1976, the minimum for an individual with no dependents was $78 weekly. In *Gusler* we held the upward adjustment to be erroneous. The minimum for an employee with no dependents is $27 weekly as mandated by the Legislature.

to full-time employees, refusing to follow the decision of another panel in *Keyzer v Christian Rest Home,* 32 Mich App 286; 188 NW2d 672 (1971), *lv den* 385 Mich 758 (1971). They based their decision on our holding in *Lahay v Hastings Lodge No 1965 BPOE,* 398 Mich 467; 247 NW2d 817 (1976), and *Gasparick v H C Price Construction Co,* 398 Mich 483; 247 NW2d 824 (1976).

We are satisfied that the cases are distinguishable.

In *Lahay* the employee worked full-time for one employer and part-time for another. He was injured in his part-time employment and was totally incapacitated for such work. His injury did not affect his full-time work, however, and he continued in that employment.

We held there that a part-time employee's right to compensation was unaffected by earnings in contemporaneous full-time employment, and that his full-time employment should not be a factor in computing the employee's average weekly wage. The question presented here—whether a part-time employee is entitled to the statutory minimum of compensation—was not implicated in *Lahay.*

Likewise *Gasparick.* There the injured employee was engaged in seasonal work and the issue was the correct method of computing his average weekly wage in that circumstance under § 371. Entitlement to the statutory minimum was not involved.

There is no dispute here over the computation of this employee's average weekly wage. Plaintiff was employed specifically as a part-time worker, and his average weekly wage of $28 was determined by multiplying his hourly rate by the average number of hours worked.[3]

---

[3] See MCL 418.371(3); MSA 17.237(371)(3).

Defendant claims that the concluding sentence of § 371(1) prohibits payment to plaintiff of an amount exceeding plaintiff's average weekly earnings. The Court of Appeals majority agreed, stating that to do so would emasculate the last sentence of § 371(1):

"The compensation payable, when added to his wage earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury."[4]

We are not persuaded that our holding today will render ineffective the prohibition in § 371, as that section applies only tangentially to this factual context. A reading of § 371(1) in conjunction with § 351(1) discloses that the former applies only when the disability is partial. Implicit in the language "wage earning capacity after the injury in the same or another employment" is the requisite that the worker have *some* earning capacity after the injury.

Plaintiff here was totally incapacitated after his injury. The amount of compensation payable to a totally disabled employee is determined under § 351 of the act. That section stated in pertinent part:

"While the incapacity for work resulting from the injury is *total,* the employer shall pay or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation of 2/3 of his average weekly

---

[4] Minor changes in language were made by 1980 PA 357, but the substance of the sentence was unchanged.

This section has been interpreted to mean earning capacity in the same employment or in other employment taken in place of the job in which claimant was injured. It does not apply to the concurrent employment situation. See *Lahay v Hastings Lodge,* 398 Mich 467, 474; 247 NW2d 817 (1976); *Bowles v James Lumber Co,* 345 Mich 292, 294; 75 NW2d 822 (1956).

wages * * *. Weekly payments shall not be less than $27.00 if there are no dependents * * *". (Emphasis supplied.)

Nothing in the language reveals an intent by the Legislature to limit the payment of minimum compensation to full-time employees. *Keyzer v Christian Rest Home,* 32 Mich App 286, 288 (1971).

Section 371 differentiates between full- and part-time employees while no such distinction exists in § 351. Additionally, the language of § 371(1) implicitly deals with partial disability, whereas § 351 is clear in its use of the word "total". As stated in *Keyzer, supra:*

"The words employed clearly apply to both full-time and part-time employees. Had the Legislature desired to effect the interpretation now placed upon the act by defendant, it could easily have done so in simple language. It is not for this Court to add language to a clear and explicit statute." 32 Mich App 286, 288.

The primary function of the Worker's Disability Compensation Act is to compensate employees for loss of "earning capacity" and not merely lost wages. See *Lahay v Hastings Lodge,* 398 Mich 467; *Sims v R D Brooks, Inc,* 389 Mich 91; 204 NW2d 139 (1973); *Gasparick v H C Price Construction Co,* 398 Mich 483; *Frammolino v Richmond Products Co,* 79 Mich App 18; 260 NW2d 908 (1977). At the same time the act seeks to avoid windfalls to those still able to work. A partially disabled worker may have his or her working capacity diminished only slightly, and still be able to remain in the work force earning close or equal to his or her pre-injury salary. Payment of the statutory minimum in this situation would net the worker more than

his or her pre-injury wages. This situation the act seeks to avoid, and § 371(1) accomplishes that goal.

"Totally incapacitated" persons, having *no* earning capacity, cannot reap such a windfall. These persons, being unable to undertake substitute employment, would fall under the rule of § 351. The moment such a worker takes any type of substitute work, he or she would no longer be "totally incapacitated" and benefits would be limited under § 371(1).

We agree with the reasoning of Judge KELLY's dissent where he stated:

"The emphasis should be on earning capacity, not on hours worked or wages earned. Part-time employment may be undertaken for any number of reasons unrelated to capacity.

"I would hold that where an injured worker's disability is total, as here, where we have an uncontested temporary total disability from unskilled labor, he or she is entitled to the statutory minimum. The loss of earning capacity is total. What would be the logic in limiting one who is out of the job market, suffering an employment-related injury, to a penurious fraction of minimum disability benefits merely because at the moment of injury his working time was inconsistent with his capacity? Such a result is incorrect and inhumane." *Irvan v Borman's, Inc,* 96 Mich App 232, 249; 292 NW2d 183 (1980).

The consequence which defendant seeks to avoid was recognized by this Court in *Gasparick* where we stated:

"Consequently, although designed to compensate an employee and not to punish an employer, the act itself reveals a legislative determination to require some employers in certain instances to bear the burden of their employees' incapacitating injuries despite the fact that, at times, the compensation paid will be in excess

of the amount of actual wages that would have been earned by an employee." *Gasparick v H C Price Construction Co,* 398 Mich 483, 490. See also *Keyzer v Christian Rest Home,* 32 Mich App 286, 288.

When a part-time employee is totally incapacitated the employer for whom he was working at the time of the disabling injury should shoulder the burden by being required to pay the compensatory minimum provided for in the act.

Though we find plaintiff is entitled to the minimum found in § 351 of the act, that amount has been modified by our recent decision in *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981). Remanded to the WCAB for computation of benefits in accord with *Gusler.*

COLEMAN, C.J., and WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred with KAVANAGH, J.